NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

KATHY A. MAXFIELD, *Appellant.*

No. 1 CA-CR 17-0207
FILED 2-22-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2015-131654-001 SE
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

### MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

**¶1**        Kathy A. Maxfield ("Appellant") appeals her conviction and order of supervised probation for aggravated assault.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record on appeal and has found no arguable question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).   This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

**¶2**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).  Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶3**        On July 19, 2016, a grand jury indicted Appellant for aggravated assault, a class six felony.  The State then moved to designate the offense as a misdemeanor and, accordingly, requested a bench trial.  The trial court granted the State's motion over Appellant's objection.

**¶4**        Before trial Appellant moved for new counsel, arguing her counsel had neglected to keep her informed as to the status of her case.  The court heard from both parties and ultimately denied Appellant's request because counsel had already completed a substantial amount of work on the case and trial was scheduled for the following week.

---

[1]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

**¶5**        At trial, the State presented the following evidence:   In October 2014, the City of Chandler (the "City") notified Appellant that her home was in violation of the city code.  The City then gave Appellant time to correct the violation before issuing a citation.  On December 16, 2014, a city code compliance officer went to Appellant's house to discuss Appellant's code violation and either speak to her about the steps necessary to comply with the code, or alternatively, to issue a citation for her failure to do so.

**¶6**        When the officer arrived at Appellant's home, she asked whether Appellant would be able to resolve the code violation.[2]  Appellant calmly responded to the officer's questions, but gave numerous reasons why she was unable to comply with the code.  The officer, after determining that Appellant was being evasive, decided to issue a citation and asked for Appellant's driver's license; Appellant, however, refused to give the officer her identification.  During this exchange the officer's phone rang, and Appellant suddenly became extremely agitated and began to yell profanities at the officer.  The officer quickly issued the citation and returned to her vehicle.  Appellant followed the officer to her vehicle while ripping up the citation.  The officer entered the vehicle and closed the door, but Appellant opened the door and continued to yell at the officer.  Appellant eventually slammed the vehicle door on the officer's foot and returned home.  The officer later noticed that she was in pain from Appellant slamming the door on her foot and that her foot was red and swollen.

**¶7**        In her defense, Appellant testified that the City had given her until December 20 to fix the code violation, and that she had hired someone to help bring her house up to code before the final day to comply.  The officer, however, issued the citation before Appellant's worker was scheduled to arrive.  Appellant additionally testified that she remained calm during the exchange with the officer, but admitted that she refused to accept the citation.  Appellant further admitted that she followed the officer to her vehicle, opened the door, and continued to talk to the officer about the citation.  The officer then started the vehicle and Appellant closed the door.  Appellant argues, however, that she never slammed the door and was not even capable of doing so because her arm was injured.

---

[2]        The officer was readily identifiable as a City employee when she went to speak with Appellant because she was wearing a t-shirt with the City's logo and carrying her identification badge.

¶8          The trial court took the matter under advisement and subsequently found Appellant guilty as charged of aggravated assault. The court suspended Appellant's sentence and imposed a two-year period of supervised probation with specific conditions that Appellant attend anger management, be screened for mental health issues, and complete twenty hours of community restitution. Appellant filed a timely notice of appeal.

## ANALYSIS

¶9          We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings. The proceedings were conducted in compliance with Appellant's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶10         After the filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of her future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if she desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶11         Appellant's conviction and probation are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA